[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11406
Non-Argument Calendar
_____

D. C. Docket No. 8:15-cv-00428-VMC-AEP

WACHOVIA BANK N.A.,

Plaintiff-Appellee,

WELLS FARGO BANK, N.A.,
f.k.a. Wachovia Bank, N.A.,
J. ANTHONY VANNESS,
Attorney, et al.,

Counter Defendants-
Appellees,

versus

HOLLY BENNETT,
Personal Representative of Titus Campbell,

Defendant-
Counter Claimant-
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2016)

Before ROSENBAUM, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Holly Bennett, proceeding *pro se*, appeals from the district court's denial of her motion for relief from a remand order in which she argued that her removal of a state-court action against her was supported under 28 U.S.C. § 1442(a)(3). Construing her arguments liberally, Bennett appears to argue that her counterclaim independently supports the removal of this action from state court.

We review *de novo* whether a district court had federal subject matter jurisdiction following removal. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780-81 (11th Cir. 2005). Generally, a defendant may remove an action initiated in state court to a federal district court as long as that federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441. However, if that district court lacks subject matter jurisdiction, it shall remand the case to state court. *Id.* § 1447(c). Under § 1442(a)(3), a person that is an "officer of the courts of the United States, for or relating to any act under color of office or in the

2

performance of his duties" may remove a civil action directed against them to the relevant federal district court. *Id.* § 1442(a).

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." *Id.* § 1447(d).

Because Bennett is not an "officer of the courts of the United States," the district court did not err in denying Bennett's motion for relief from judgment based on her argument that removal was proper under § 1442(a)(3). Accordingly, we affirm the district court's order.

**AFFIRMED.**